UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY M. GEREB, | Civil No. 11-3608 (SRN/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. MIKE NELSON (HSA),<br>Dr. SHELLY STANTON, Psych Chief,<br>Dr. NANCY JORDAN, D.O.,<br>PA. NORMAN BOOTH, PA.,<br>Cmdr. JON MICHAEL SCHULTZ, PT,<br>Lcmdr. J. FEDA, PT,<br>AW MEDICAL "UNKNOWN NAME,"<br>Case Manager S. SOLOMSON,<br>US ATTORNEY GENERAL<br>(Dept of Justice),<br>Warden JETT<br>(Warden at FMC Rochester), and<br>HARLEY LAPPIN (BOP Director), | |
| Defendants. | |

Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) He did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated December 21, 2011, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 10), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915A(b).

I.   **BACKGROUND**

In 2007, federal criminal charges were filed against Plaintiff in the United States District Court for the Western District of Texas.[2] He later pled guilty to conspiracy to transport aliens and sex trafficking of children, and he was sentenced to ten years in federal prison. Plaintiff is currently serving his sentence at the United States Medical Center for Federal Prisoners in Springfield, Missouri.

Plaintiff previously served part of his prison sentence at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), and his current lawsuit stems from his incarceration at that facility. He is attempting to sue the United States Attorney General, the Director of the Federal Bureau of Prisons, ("BOP"), the Warden at FMC-Rochester, and

---

[1] Plaintiff did not pay his initial partial filing fee within the time allowed by the Court's initial order in this case, (Docket No. 3), and it was therefore recommended that this action be summarily dismissed for failure to prosecute. (Report and Recommendation dated February 6, 2012; [Docket No. 4].) Plaintiff objected to that recommendation, and indicated that he would soon pay his initial partial filing fee. (Objection filed February 16, 2012; [Docket No. 5].) The District Court Judge granted Plaintiff an additional opportunity to pay his initial partial filing fee, (Order dated February 22, 2012; [Docket No. 6]), and Plaintiff paid the fee within the time allowed by the District Court Judge's order. The case was then remanded to this Court for § 1915A screening and other proceedings. (Order dated April 10, 2012; [Docket No. 11].)

[2] The court record for Plaintiff's federal criminal case is available to this Court by means of the Case Management/Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal judiciary. Plaintiff's criminal case in the Western District of Texas is United States v. Ochoa et al., No. 5:07-cr-365-XR-4.

eight other employees at FMC-Rochester.[3]

Plaintiff's complaint indicates that he suffers from a host of medical problems,[4] and he alleges that Defendants did not provide adequate care for those problems while he was incarcerated at FMC-Rochester. Plaintiff broadly claims that Defendants violated his constitutional rights under the Eighth Amendment, because they were deliberately indifferent to his medical needs. However, his complaint does not describe any specific mistreatment by any of the individual named Defendants. Plaintiff also claims that someone (not identified in the complaint) violated his right to due process under the Fifth and Fourteenth Amendments, by causing him to be transferred to another prison facility.

Plaintiff is seeking a judgment against Defendants that would award him compensatory damages for "all the abuse, neglect and pain and suffering and mental anguish, humiliation and threats." He is also seeking an order that would cause him to be transferred back to FMC-Rochester.[5]

---

[3] The eight individual FMC-Rochester employees who are being sued, (in addition to the Warden), are (1) Dr. Mike Nelson, "Health Care Administrator," (2) Dr. Shelly Stanton, "Chief Psychiatrist," (3) Dr. Nancy Jordan, "Clinical Director," (4) P.A. Norman Booth, "Doctor Assistant," (5) John Michael Schultz, "Physical Therapist Director," (6) J. Feda, "Assistant Director Physical Therapy," (7) "AW Medical 'Unknown,'" an Associate Warden (whose name apparently is unknown to Plaintiff), and (8) S. Solomson, "Case Manager."

[4] The complaint includes the following list of Plaintiff's alleged medical maladies: "Multiple Sclerosis, Fibromyalgia, Chronic Fatigue Syndrome, Anxiety Disorder/Panic Attacks, Fibromyositis, Pluresy [sic], Asthma, Chronic Pain Syndrome, Rheumatory [sic] Arthritis, Osteo-arthritis, Karpel [sic] Tunnel, Gerod [sic], Sleep Apnea, Sleep Depervation [sic], Dry Eyes, and Dry Mouth." (Complaint, attachment 4 "Illnesses.")

[5] Given Plaintiff's alleged mistreatment during his confinement at FMC-Rochester, his request to be transferred back there again is somewhat puzzling.

## II.     DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue employees of the federal government, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed.  28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some appropriate redress against the named defendant(s) under some cognizable legal theory.  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts showing that the named defendants violated the complainant's federal constitutional rights while acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

In this case, Plaintiff has not alleged any facts showing that any individual government official violated his federal constitutional rights. Indeed, the complaint does not describe any specific acts or omissions by any government official. Plaintiff might have intended to allege that the individual named Defendants did something, (or failed to do something), that violated the federal Constitution, but the complaint does not include any such allegations. In fact, none of the named Defendants is even mentioned in any of the substantive allegations of the complaint.

In a civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948, (emphasis added). Plaintiff's current complaint clearly fails to meet this requirement. Plaintiff has not described anything that any named Defendant

personally did, (or failed to do), on any specific occasion that allegedly violated his constitutional rights. Therefore, Plaintiff's complaint fails to state any actionable civil rights claim against any of the named Defendants.[6]

## III. CONCLUSION

Because Plaintiff has failed to plead a cause of action on which relief can be granted, the Court will recommend that this action be dismissed pursuant to § 1915A(b). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[7] To date, he has paid $40.00, so he still owes $310.00. Prisoner officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Finally, because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

---

[6] In two prior orders in this case, Plaintiff was informed that his complaint appeared to be fatally defective, because it does not describe any specific wrongful acts or omissions by any of the named Defendants. (See Order dated December 21, 2011, [Docket No. 3], p. 4, n. 2; Order dated February 22, 2012, [Docket No. 6], p. 3.) Therefore, the Court's present assessment of Plaintiff's complaint should come as no surprise to him.

[7] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

IV.     **RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely $310.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dated: April 16, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 30, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.